## CIRCUIT COURT OF ARLINGTON COUNTY

Douglas Roy Parker

v.

Edith Del Carmen Cordova Parker

March 11, 1986

Case No. (Chancery) 36535

By JUDGE BENJAMIN N. A. KENDRICK

I have carefully considered briefs in support of and in opposition to Complainant's Motion for a Protective Order and Partial Summary Judgment.

Paragraph eight of the agreement between the parties provides that "[I]n the event of a reconciliation, this agreement shall be unenforceable," and the issue presented is whether a reconciliation has occurred.

The parties would appear to agree that at one extreme, isolated instances of sexual intercourse, alone, would be inadequate to constitute a reconciliation, and at the other extreme, living under the same roof as husband and wife would be sufficient to constitute a reconciliation. Although there seems to be general agreement on the facts of this case, the parties disagree as to where it falls between the two extremes and whether a reconciliation occurred.

For guidance we can look to previous cases. Although no Virginia cases directly on point were located, a number of cases with helpful fact patterns were collected in 35 A.L.R.2d 707 (Later case service) Section 10.

Among those situations which were held not to constitute a reconciliation are:

Husband lives in hotel, visited wife from time to time, and stayed overnight. *Re: Donnelly's Estate*, 155 N.Y.S.2d 922, app. dsmd. 2 App. Div. 2d 968 (1956).

After separation husband frequently visited wife at her father's home, had meals provided for him, attempted to effect a reconciliation, and on one occasion had sexual relations. *Lowman* v. *Lowman*, 139 N.E.2d 1 (Ohio 1956).

Among those situations which were held to constitute a reconciliation are:

Husband and wife live together as husband and wife for one week. *Sylvester* v *Sylvester*, 137 So.2d 716 (La. 1962).

Occasional sexual intercourse together with mutual planning and contribution towards a house. *Marino* v. *Marino*, 145 N.Y.S.2d 571 (1955).

Parties continuously lived separate and apart and at no time resumed the former marital relation, but they engaged in sexual relations on numerous occasions following the execution of the separation agreement. *Murphy* v. *Murphy*, 245 S.E.2d 693 (N.C. 1978).

I note that while the parties termed the agreement a "Property Settlement," in fact very little property was divided, and the agreement resembles a "Separation Agreement."

From a general review of the law in this area, it appears that a separation agreement ordinarily is abrogated by reconciliation, but a property settlement generally is not, unless the court can find an intention to the contrary. (35 A.L.R.2d 707), Later case service, Sections 3, 4, and 5). Of course here we are not bound by the general rules but rather the agreement between the parties. It would appear that when consequences flow from a reconciliation by operation of law, more would be necessary to show a reconciliation than when the consequences flow from a reconciliation by agreement between the parties.

Both parties agree that Separation and Property Settlement Agreements are construed in accordance with general contract principles, and that Virginia adheres to the plain meaning rule.

*Corpus Juris Secundum* defines "reconciliation" as "[T]he renewal of amicable relations between two persons who had been at enmity or variance."

I find that a reconciliation did occur between Mr. and Mrs. Parker, and therefore the agreement became unenforceable. Accordingly, the Motion for a Protective Order and Partial Summary Judgment is denied.